## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| TERESA ANDERSON, as Special | ) | |
| Administrator/Representative of | ) | Case No. 25-cv-1222 |
| TEX H. ANDERSON, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | Chief Judge Sara L. Darrow |
| | ) | Magistrate Judge Ronald L. Hanna |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN SLOAN, Sheriff of Stark County, | ) | |
| STARK COUNTY, ILLINOIS, KEVIN | ) | |
| PANCRAZIO, MANDY CARTER, ADAM | ) | |
| HENSON, and SARA CANTWELL, | ) | |
| | ) | JURY TRIAL DEMDANDED |
| Defendants. | ) | |

## HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its regulations, including 45 C.F.R. § 164.512(e)(1), as well as the Illinois Mental Health and Developmental Disabilities Act, 740 ILCS 110/10(d), and Illinois federal and state law relating to substance use disorder records, 20 ILCS 301/30-5(bb)(2(E), 42 U.S.C. 290dd-2 and 42 C.F.R. § 2.61 – 2.65, the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

IT IS HEREBY ORDERED:

1.   The current parties, their attorneys, and future parties and their attorneys are hereby authorized to receive, subpoena, and transmit protected health information pertaining to Plaintiff, TEX H. ANDERSON, to the extent and subject to the conditions outlined herein.

2.     For the purposes of this Qualified Protective Order, "protected health information" or "PHI" shall have the same definition as set forth in 45 CFR 164.501, which includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental health condition of an individual, (b) the provision of medical and mental health care to an individual, or (c) the payment for care provided to an individual which identifies the individual or which reasonably could be expected to identify the individual.

3.     All "covered entities" (as defined by 45 CFR 164.103) are hereby authorized to disclose PHI pertaining to TEX H. ANDERSON, to all attorneys now of record in this matter or who may become of record in the future in this litigation. This authorization extends to all medical and mental health records, including but not limited to psychological and psychiatric records and records otherwise containing sensitive information related to mental health, and drug

and alcohol treatment and counseling records.

4.      The parties and their attorneys shall be permitted to use the PHI of TEX H. ANDERSON, in any manner which is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (attorneys, support staff, and agents), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and any other entity involved in this litigation.

5.      Prior to disclosing PHI to persons involved in this litigation, counsel shall inform each such person that the PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this litigation.

6.       Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return PHI to the covered entity or destroy any and all copies of PHI, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7.      This Order does not control or limit the use of PHI pertaining to TEX H. ANDERSON, that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8.      Nothing in this Order authorizes Defendants' counsel to obtain medical records or information through a means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9.      This Order does not authorize either party to seal court filings or court proceedings. The Court will make good cause determination for filing under seal if and when the parties seek to file TEX H. ANDERSON's protected health information under seal.

10.     Pursuant to 42 U.S.C. 290dd-2 and 42 C.F.R. § 2.61 – 2.65, the Court expressly finds that there is good cause for authorizing the disclosure of all records and testimony subject to and consistent with this Qualified Protective Order relating to TEX H. ANDERSON, including but not limited to identity, diagnosis, prognosis, treatment, and confidential patient communications, as other ways of obtaining the substance use disorder records and testimony are not available or would not be effective; and, that the public interest and need for the disclosure outweighs the potential injury to the patient, TEX H. ANDERSON, the physician-patient relationship, and to the treatment services.

IT IS SO ORDERED THIS __19th__ DAY OF __December__, 2025.

Entered:

_____
Ronald L. Hanna
United States Magistrate Judge